1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SORAYA MARIA RIGOR,                      No.  2:19-cv-00633 KJM AC (PS)

12                   Plaintiff,

13          v.                                 ORDER

14    CALIFORNIA STATE UNIVERSITY
      SACRAMENTO, et al.,
15
                     Defendants.
16

17

18          Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

19    undersigned by Local Rule 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

20    pauperis ("IFP"), and has submitted the affidavit required by that statute.  <u>See</u> 28 U.S.C.

21    § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

22                                  I.  SCREENING

23          The federal IFP statute requires federal courts to dismiss a case if the action is legally

24    "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

25    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

26          Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

27    plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

28    court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

                                         1

to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

Plaintiff is a student at California State University Sacramento ("CSUS") and the co-founder of a nonprofit corporation called "#Student Lives Matter." ECF No. 1 at 1. Plaintiff brings suit for "copyright infringement" against CSUS and three CSUS officials: President Robert Nelson; Senior Vice President of Communications Jeannie Wong; and Outreach and Advocacy Director Steve McKay. Id. at 2-4. In her form complaint, plaintiff alleges that CSUS is using "predatory practices to gain intellectual property of newly established nonprofit, #Student Lives Matter, which was 'pitched' at a business competition at Global Entrepreneurship Week [("GEW")]." Id. at 4. She claims that "[s]ince November 2018, the campus has been infringing upon the intellectual property of this nonprofit, and has new outreach communications based [off of] our concepts, ideas, and insights." Id. Plaintiff alleges that defendant McKay created "a new outreach platform as a direct result of [her] intellectual property"; and defendant Nelson used "the exact words, concepts, and value proposition" that she used to pitch the organization at GEW. Id. at 5. Further, she asserts that all defendants were present at GEW and have since created a "predatory photo release" requiring participants at university events to sign over their intellectual property rights. A copy of the photo release is attached to the complaint, along with an unexplained chart. Id. at 5, 7-8. Plaintiff seeks $1.7 billion in damages and injunctive relief. Id. at 5-6.

B. Analysis

In its current form, plaintiff's complaint fails to state a claim upon which relief can be granted owing to several deficiencies. 28 U.S.C. § 1915(e)(2)(B)(ii). First, it is unclear from the complaint whether plaintiff is the owner of the intellectual property at issue, or whether it is owned by her nonprofit organization. To the extent plaintiff—a non-lawyer—attempts to bring a *pro se* action on behalf of the organization, the action must be dismissed. See D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973–74 (9th Cir. 2004) ("It is a longstanding rule that corporations and other unincorporated associations must appear in court through an attorney.") (internal quotation marks and alterations omitted).

////

Second, plaintiff has not alleged a valid copyright infringement claim. "To establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). Regarding the first element, a plaintiff cannot maintain an infringement action until it has registered its work with the Copyright Office. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); see Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 984 (9th Cir. 2017) (stating that plaintiff was "required to show registration as an element of an infringement claim"). Copyright protection is available for "original works of authorship fixed in any tangible medium of expression," such as literary, musical, dramatic, and graphic works. 17 U.S.C. § 102(a). Copyright protection is limited, however, such that it does not "extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102(b). Copyright protection is "given only to the expression of the idea—not the idea itself." Mazer v. Stein, 347 U.S. 201, 217 (1954).

In her complaint, plaintiff fails to identify any copyrightable material. At a minimum, plaintiff must identify the allegedly copyrighted material at issue with specificity sufficient to put defendants on notice of what she claims was infringed. She repeatedly asserts that defendants improperly used her (or her organization's) concepts, ideas, and words. However, copyright protection does not cover such intangibles, 17 U.S.C. § 102(b), and the complaint does not identify any tangible work or expression containing those ideas. Moreover, even assuming plaintiff had alleged some copyrightable material, she does not assert that she has registered the copyright to it or tried to register it and been refused. See Unicolors, Inc., 853 F.3d at 984. Thus, the complaint does not contain allegations sufficient to satisfy the first element of a copyright infringement claim.

////

4

In addition, the complaint falls short of the Rule 8(a) pleading requirements in that it does not contain a sufficient statement of the claim showing plaintiff's entitlement to relief. See Fed. R. Civ. P. 8(a)(2). The exact nature of the intellectual property at issue is not clear from the incomplete statements of facts squeezed into various parts of the form complaint. Furthermore, it is not clear exactly how each of the named defendants participated in the alleged infringement of copyrighted material. Rather than recommending dismissal of the action, the undersigned will provide plaintiff an opportunity to amend her complaint to allege a viable legal cause of action and a complete statement of supporting facts.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). As plaintiff appears to be aware, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement'

which Rule 8 obligated plaintiffs to submit." <u>Id.</u> at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." <u>Id.</u> at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Pacific Bell Tel. Co. v. Linkline Communications, Inc.</u>, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  PRO SE PLAINTIFF'S SUMMARY

Because the complaint as written does not contain sufficiently clear factual allegations of what legal harm was done to you, does not allege facts supporting the necessary components of a copyright infringement claim, and does not establish that you alone are the owner of the intellectual property at issue, the complaint will not be served on defendants.  Your lawsuit cannot proceed unless you fix the problems with your complaint.  If you wish to proceed with claims belonging to your organization, in whole or in part, you must retain licensed counsel and file, through counsel, a new complaint.

You are being given 30 days to submit an amended complaint that complies with the federal rules and states a valid cause of action.  If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

////

////

6

2. Plaintiff shall have 30 days from the date of this order to file an amended complaint which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: May 23, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE