UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SORAYA MARIA RIGOR,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA STATE UNIVERSITY SACRAMENTO, et al.,<br><br>    Defendants. | No. 2:19-cv-00633 KJM AC (PS)<br><br>ORDER |

Plaintiff is proceeding in this action pro se and in forma pauperis ("IFP"). This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). The undersigned rejected plaintiff's initial complaint on screening, finding that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a claim for relief. ECF No. 3. Plaintiff filed a First Amended Complaint ("FAC") on June 24, 2019. ECF No. 4. The FAC is now before the undersigned for screening.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting

1

the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

A. The Complaint

In the FAC, plaintiff reasserts claims of copyright infringement and adds new claims of sex and race discrimination. For her copyright claims, plaintiff alleges that defendant California State University Sacramento ("CSUS")[1] is using intellectual property she created, in the form of two business models pitched at various student entrepreneurship conferences, in its student engagement strategies without authorization. ECF No. 4 at 1-6. Plaintiff specifically objects to CSUS's use of a "predatory photo release" at one of these conferences to "prey[] on the intellectual property of all its students" and attaches a copy of the release as an exhibit. Id. at 1, 8. Plaintiff also attaches as exhibits PowerPoint presentations of the two business models pitched to members of the CSUS community, along with unexplained excerpts of the CSUS Twitter feed and website which she believes copy her ideas for combatting student suicide and homelessness. Id. at 9-16, 19-23, 26-33, 34-60.[2]

In addition, plaintiff asserts claims of "sexual and racial discrimination," alleging that she was not selected for any of the 53 campus jobs to which she applied. Id. at 3-4. Specifically, plaintiff complains that she was not hired for a three-month summer marketing internship, and that afterward the interviewers created a new engagement platform using the intellectual property she described from her business pitch conference experiences. Id. at 4. Plaintiff requests relief in the form of "royalties" for reducing the value of her intellectual property. Id. at 2, 5.

////

---

[1] Plaintiff originally named three CSUS officials as defendants as well, but the FAC does not name those individuals as defendants or include any allegations directed toward them.
[2] Plaintiff also submitted additional exhibits regarding the conference attendees. ECF No. 5.

3

B. <u>Analysis</u>

The FAC addresses few of the defects identified in the court's previous screening order (ECF No. 3). First, plaintiff still has not stated a valid copyright infringement claim. As explained in the previous order, "[t]o establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" <u>L.A. Printex Indus., Inc. v. Aeropostale, Inc.</u>, 676 F.3d 841, 846 (9th Cir. 2012) (quoting <u>Feist Publications, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 361 (1991)). Regarding the first element, a plaintiff cannot maintain an infringement action until it has registered its work with the Copyright Office. 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."); see <u>Unicolors, Inc. v. Urban Outfitters, Inc.</u>, 853 F.3d 980, 984 (9th Cir. 2017) (stating that plaintiff was "required to show registration as an element of an infringement claim").

While the FAC does now identify the allegedly copyrighted material—plaintiff's business models contained in the PowerPoint presentations, plaintiff does not assert that she has registered the copyright to it or tried to register it and been refused. See <u>Unicolors, Inc.</u>, 853 F.3d at 984. In addition, the court cannot discern from the pleadings or the attached exhibits how CSUS has copied any elements of those PowerPoint business models. Thus, the complaint does not contain allegations sufficient to satisfy either element of a copyright infringement claim.

Second, the FAC does not successfully state a claim for discrimination on the basis of race or sex. To establish a prima facie case of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, for failure to hire, plaintiff must show (1) that she belongs to a protected class; (2) that she applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite her qualifications, she was rejected; and (4) that, after her rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973). The FAC contains no allegations as to plaintiff's race or membership in a protected class, or the qualifications of the other candidates being sought.

4

Rather than recommending dismissal of the action, the undersigned will provide plaintiff a final opportunity to amend her complaint to allege a viable legal cause of action and sufficient supporting facts. Plaintiff will be given leave to amend only the claims that are addressed herein; any second amended complaint must not add additional claims.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the second amended complaint must contain a short and plain statement of plaintiff's claims. All factual allegations must be contained in the body of the second amended complaint. While plaintiff may attach exhibits supporting her allegations, the court will not sift through the contents of these exhibits to fill any gaps in plaintiff's statement of facts. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b).

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

////

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## III. PRO SE PLAINTIFF'S SUMMARY

Because the complaint as written does not contain sufficient facts supporting the necessary elements of either a copyright infringement claim or a Title VII discrimination claim, the complaint will not be served on the defendant. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit a second amended complaint that complies with the federal rules and states a valid cause of action. Any second amended complaint may not contain additional claims beyond those described above. If you do not submit a second amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint (ECF No. 4) is DISMISSED with leave to amend; and

2. Plaintiff shall have 30 days from the date of this order to file a second amended complaint which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: August 12, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE